## CITY OF COVINGTON *v.* JOHN N. FURBER.

**Codification of City Charter—Power of Legislature—Compensation of Commissioners.**

The legislature has power to provide for the codification of a city charter and may legally provide for the compensation of commissioners to do the work, such compensation to be paid by the city.

### APPEAL FROM KENTON CIRCUIT COURT.

February 19, 1876.

OPINION BY JUDGE COFER:

By an act approved January 13, 1872, the General Assembly appointed the appellee and four others commissioners to revise and codify the charter of the city of Covington, and made it the duty of the city to pay to said commissioners reasonable compensation for their services under the act. The appellee brought this action against the city to recover compensation for his services as commissioner, and obtained a judgment therefor, and the city has appealed.

There is no evidence that the city or city government desired the passage of the act, or in any way assented to or accepted the services for which compensation was claimed, or took any definite action in regard to the matter until after the work had been completed and submitted under the provisions of the act supra to a popular vote, and rejected by the people of the city.

The only question made by counsel for the city, which we deem it important to notice at any length, is whether the General Assembly had power under the constitution to appoint commissioners to revise the charter of the city and to bind the city to pay them for their services without the consent of the inhabitants or government of the city.

Counsel insists that the work of the commissioners not having been performed at the request of the city, and the work having been rejected by a popular vote, the city derived no benefit from it and cannot therefore be constitutionally required to pay for it. It was decided by this court in *Slack, et al., v. Maysville & Lexington R. Co.,* 13 B. Mon. 26, that the legislature has power to coerce contribution by a local community to objects of local necessity or convenience, and that this may be done without a petition from any one, or upon the solicitation of the representative of the local community, or upon the general knowledge and judgment of the legislature.

The legislature had power to decide for itself and without con-

sulting the city authorities or the representatives of the city to determine whether the charter of Covington should be revised, and having decided that it should it had a right to impose upon the city the burden of making the required revision, on the same ground that it had power to charge the city with any other matter which in the judgment of its members was required by the interests or convenience of the local public, provided it is not apparent that the object to be accomplished is not one in the accomplishment of which they have no particular interest. *Cheaney v. Hooser,* 9 B. Mon. 330.

This court cannot say that it is apparent that the people of Covington had not a particular interest in the object sought to be accomplished by the act providing for a revision of the charter of that city. Nor will the fact that the charter prepared by the commissioners appointed by that act was rejected by the people relieve the city from paying for its preparation. The revision of the charter was a matter relating to the interest of the local public, and was designed for its benefit. The legislature did not derive its power to pass the act from the city or its people, and the validity of the act could not be affected by the popular vote rejecting the work of the commissioners.

The evidence as to the value of appellee's services fully warranted the judgment. Judgment *affirmed.*

*John P. Harrison, for appellant.   J. N. Furber, for appellee.*